UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------x

UNITED STATES OF AMERICA,

            Plaintiff

    - against –

RICHARD MENDEZ,

            Defendant.

------------------------------------------------x

Docket No. 08 CR 00218 (MRK)

United States District Court
District of Connecticut
FILED AT NEW HAVEN
Jan 5, 2009
Roberta D. Tabora, Clerk
By _____
Deputy Clerk

## DEFENDANT RICHARD MENDEZ'S
## SENTENCING MEMORANDUM

### INTRODUCTION

This memorandum sets forth significant facts not adduced in previous proceedings before this Court which we believe to be particularly important in this Court's determination of an appropriate sentence for Richard Mendez. It is typical, in a criminal prosecution which culminates in a guilty plea, for only one side of the defendant to be exposed to the Court – to wit, the defendant admitted participation in criminal wrongdoing. This memorandum, will, *inter alia*, demonstrate the other side of Richard Mendez.

The arguments presented herein do not seek to minimize the seriousness of the offense to which Richard Mendez has pled guilty.[1] However, there are numerous factors which the court should be aware of in determining the appropriate sentence to impose upon Mr. Mendez. Accordingly, this memorandum concludes with a request that Richard Mendez be sentenced to a sentence which would be appropriate under the circumstances of the case, the background of

---

[1] On October 24, 2008, Mr. Mendez entered a plea of guilty to a violation to Title 18 U.S.C. § 371 in a one count Information.

Richard Mendez, and consistent with the sentencing standards promulgated by the American Bar Association.

This memorandum, then, is submitted on behalf of Richard Mendez. Although part of the public record, it is addressed to a single audience – the sentencing court. Pursuant to the plea agreement that was entered into by the parties, there was an agreement that "…the parties agree that the defendant shall be permitted to make any argument regarding where within the stipulated Guideline range (or such other range as the Court may determine) that the defendant should be sentenced with due regard to the factors to be considered in imposing a sentence pursuant to Title 18 U.S.C. § 3552(a) seeking a sentence outside the Stipulate Guidelines Range,[2] and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guideline Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a)." Mr. Mendez therefore requests that the court consider imposing a non-guideline sentence.

## A. GENERAL CONSIDERATION

It is neither the purpose of this memorandum, nor Mr. Mendez's intent to deny his guilt or to pass ultimate responsibility for his predicament onto anyone else. Mr. Mendez accepts full responsibility for his conduct and, what is more important, feels sincere remorse and regret as confirmed by the Pre-Sentence Report. Richard Mendez does not come before this Court as a violent criminal who is hoping to "beat the system," but as a profoundly distressed person whose life is in a state of turmoil as a result of all that has taken place. Accordingly, we urge the Court to sentence Mr. Mendez to an appropriate sentence, based upon the facts to be advanced.

This recommendation is made with full recognition of the burden this Court must bear in balancing the legitimate interests of the community with the concern over the fate of a human

---

[2] The Stipulated Guideline Range is 30-37 months.

2

being who has entered a plea of guilty to a crime. While this balancing process often mandates a prison term, the goals of the sentencing process can often legitimately be achieved without incarceration, in accordance with the best interests of the community at large. In this case, we believe that the sentence hereinafter recommended strikes the appropriate balance.

In determining the appropriate sentence to impose, under the applicable status in the instant matter, there are several factors that the Court should consider. These include the nature of the crime committed,[3] the plea agreement which was entered into by the parties,[4] the pre-sentence report submitted by the Probation Department, the numerous compelling letters sent on behalf of Mr. Mendez to the Probation Department which we are confident your Honor has reviewed as well as the arguments advanced in this memorandum.

In recommending a non-guideline sentence in this case, the Court is referred to a Yale Law School study which researched the criteria judges review prior to imposing a sentence. Judges share a widespread belief that the suffering experienced by certain offenders, as a result of apprehension, public indictment and conviction, and the collateral disabilities incident to conviction - possible loss of job, professional license and status in the community – to satisfy major requirement of punishment and deterrence.[5]

Based upon all factors stated, and those to follow, it is our belief that an appropriate sentence would be a non-guideline sentence below that stipulated to in the plea agreement. We believe

---

[3] The criminal conduct that Mr. Mendez was charged with, and pled guilty to a violation to Title 18 U.S.C. § 371 in a one count Information.

[4] Recognizing that a plea of guilty to the crimes indicated resulted after the parties entered into a Stipulated Plea Agreement acknowledging that the Stipulated Guideline Range was "reasonable", Mr. Mendez believes that a non-guideline sentence would be appropriate in this matter, and so requests, as permitted by the same Stipulated Plea Agreement. (see also *United States v. Cosimi*, 2005 U.s. Dist. LEXIS 8900 [S.D.N.Y. May 11, 2005]).

[5] Richard A. Posner, et al., "Symposium: White Collar Crime, Part II", American Criminal Law Review, Volume 17, Number 4, 1980, pp. 409-520.

that once the Court considers all factors, including those set forth in the Yale Law School study, that the recommended sentence would be a proper exercise of judicial discretion.

## B. SENTENCING CONSIDERATIONS

In a post-*Booker* sentencing, the court must begin its analysis by recognizing that the ideal Section 3553(a) sentence should be sufficient, but not greater than necessary, to strike a balance among the four legislative sentencing purposes (18 U.S.C. §3553[a][2]). Next, in fashioning an equitable sentence that serves these criteria, the Court must weigh all of the §3553(a) factors, but none should be given greater weight than another.

Acknowledging that the conspiracy charge that Richard Mendez admitted to is a serious crime, and that a sentence of incarceration would not be unreasonable, the question remains regarding what specific sentence would be appropriate. Some might argue that the plea and the stipulated guideline sentence, in and or itself, is a satisfactory reward, and that any sentence within the stipulated range would be "per se" reasonable. "This argument does not comport with the *Booker* decision. According to Black's Law Dictionary, '*per se*' means, 'Of, in, or by itself; standing along, without reference to additional facts.'  To say that a sentence within the guidelines range is 'by itself' reasonable, is to ignore the requirement that the district court, when determining a sentence, take into account the other factors listed in section 3553(a). *See Booker*, 125 S. Ct. at 765-766." (*United States v. Talley*, 8th Cir. 2005, docket 05-11353).[6]

It is important, at this juncture, to consider that weight the court should give to advisory guidelines. In the matter of *Cecil Simon, a.k.a. Cecil Jackson v. United States of America*, 92-cv-00453, 90-cr-216, Judge Charles P. Sifton, United States District Judge, Eastern District of New York, considered the appropriate weight to give to the now "advisory guidelines," finding

---

[6] Once again we must acknowledge that the plea agreement stipulates that the guideline range is reasonable, but such a stipulation is but one factor for the court to consider in formulating an appropriate sentence.

4

that "…the Guidelines are advisory and entitled to the same weight accorded to each other factor that the Court is instructed to consider by §3553(a)." It is submitted, that this court should adopt the reasoning of Judge Sifton, and apply the same consideration in this case. As Judge Sifton stated in his sentencing memorandum "The Second Circuit has yet to rule on the 'degree of consideration' of the Guidelines that is required, or what weight they are to be given. The Second Circuit has instead opted 'to permit the concept of 'consideration' in the context of the applicable Guidelines ranges to evolve as district judges faithfully perform their statutory duties.' (*United States v. Crosby*, 397 F.3d 103, 113 [2d Cir. 2005]).

I adopt the view that the Guidelines are advisory and entitled to the same weight accorded to each other factor that the Court is instructed to consider by §3553(a). I do so for three reasons, which have been elaborated upon the post-*Booker* opinions of several other district courts. First, §3553(a) the statute that this Court is required to apply, does not distinguish between the weight to be given to any of the factors listed.

Second, the greater the weight given to the Guidelines, the closer the Court draws to committing the act that *Booker* forbids – a Guideline sentence based on facts found by a preponderance of the evidence by the judge. *United States v. Bihetri*, ___, F. Supp.2d ___, 2005 WL 350585 (E.D. Va. Feb. 9, 2005); *United States v. Huerta-Rodriguez*, ___ F. Supp.2d ___, 2005 WL 318640 (D. Neb. Feb. 1. 2005). Such a regime threatens a *de facto* mandatory sentence……..".

The fact that Mr. Mendez stipulated to a reasonable guideline sentence does not change the weight that the court should give to the Guideline range. The stipulation merely resolves various issues that had to be determined when the Guidelines were being calculated, but binds the court to the calculation no more than any Guideline determination.

It is respectfully submitted, that the facts of this case, considered with the background of Richard Mendez, the letters submitted on his behalf, the Guideline range, the policy statements issued by the Sentencing Commission, and all factors listed in §3553(a), would make any sentence, other than a non-guideline sentence lower than the stipulated range, inappropriate.

### C. PHYSICAL CONDITION

The Pre-sentence Investigation Report sets forth information regarding the physical condition of Richard Mendez in Paragraph 61. Mr. Mendez as alluded to in Paragraph 61 during his adolescent years suffered from Irritable Bowel Syndrome (IBS). At this time there was no known cure and he was constantly under the supervision of doctors during his high school years. Different medications were tried and different tests administered but all these treatments gave no relief. Richard on many occasion during this period of his life had to withstand these episodes of IBS in order to be able to function and go back to school. This obviously caused Richard to miss a great deal of his high school years. This, of course, involved some academic problems and the loss of his social life with his friends. He spent much time at home and when he went to school he was ridiculed for being overweight and for his absences. He constantly saw the school psychologist on a regular basis. He was forced to complete his senior year at home by tutor. Nevertheless, he graduated from Hoboken High School. Because of this situation and the time spent at home, he found comfort in the computer. The computer became his best friend because he did not have any social interaction with others of his age. With the computer he felt he found a friend who would not talk back with ugly comments. It allowed him to cope with life. In addition, during these developing years his life was made more difficult by the fact that his parents were divorced. His youth became a stressful period filled with angst and difficulty. It was not a very easy or pleasant time. He lived at home with is mother, a single parent, who had

to work to support the family. The family was forced to move four times in five years finally settling in Hoboken. His father was out or work and could not give child support. However, what upset Richard more on a visceral level was the fact that his father would often disappoint him by promising to come and never showing up. As of today, this has all changed and his father is now deeply involved in Richard's life in every possible way. As indicated this time of Richard's life was not easy. It was a difficult period going from home to home and school to school. He was always well liked by his teachers. While in high school he joined a computer class and was part of a work study program helping to fix computers in the school. Unfortunately the teacher in charge of that program, who provided great encouragement to Richard, dies unexpectedly of a heart attack. This crushed Richard at that time. He was devastated by the loss of this teacher who gave Richard Mendez confidence. On a physical level, he always had difficulty with his weight which was a subject of ridicule at various times in his life. He has been successful, at times, losing 50 lbs. This aspect of his live continues to be a problem.

With this arrest and the confiscation and loss of his closest friend, the computer, it has denied him one of his joys in life. It has provided a terrible lesson and while he has not made one single dime from his involvement in this conspiracy, he wishes he could go back and make better decisions. While not an excuse it was a fair statement to say he did not realize the repercussion of his action and the terrible mistake he made.

### D. VIEWS OF FAMILY AND FRIENDS

As alluded to earlier in this Memorandum, Richard has submitted various letters to the Probation Department which we are confident your Honor has been able to read and learn a little more about Richard. Your Honor now perhaps has more insight into Richard as a family

oriented individual who has been deeply affected by what has occurred. What your Honor will hopefully come to understand is his family's strong feeling for Richard. It expresses his total devotion to his family and the change that this incident had brought to his life.

The actions of Mr. Mendez which have brought him before this court are out of character for the hard working caring individual revealed in these letters. It is understandable that those who know Richard Mendez feel the way that they do, and that they all would ask your Honor to be lenient and merciful. Sentiments such as these are not unusual in a criminal case, because usually the offender is someone whose acquaintances never looked at as an individual who would violate the law. *What is important here is the fact that these sentiment all have the ring of truth.* This is the very reason that I present Richard Mendez to your Honor, not simply as an individual who committed a crime, and pled guilty, but as a human being, who has another side to him.

These thoughts truly indicate just who Richard Mendez really is as he stands before the Court for sentencing. His is not just another person who sought to make money "the easy way" by always committing illegal acts rather than working hard for it. He is not just a person who does not care about his family or those who have come to know and believe in him. Richard Mendez is a respectful, hard working individual who, because of this incident in his life, jeopardized all that he had strived to achieve, both in the work place, in his family's life and in the eyes of all who believe in him.

It is important to repeat that Mr. Mendez has openly admitted to this court, his family and his friends, the legal problems that he has brought upon himself, and his family, and continues to receive their support and understanding. When the facts presented herein are measured against

the standard of reasonableness, there should be no doubt that a minimal sentence would be reasonable.

### E. CONCLUSION

We respectfully urge the Court to impose a sentence that, based upon all the facts previously stated, does not require Richard Mendez to be incarcerated. To be sure, deterrence is a legitimate sentencing objective, and others must be aware that those who violate the law will be punished. Punishment does not always require a prison term, and that compassion and mercy – where they are warranted – also have a place in our courtrooms. There is not need to protect the public from further crimes by Richard Mendez, who has recognized the harm that he had caused to himself and others. The goal of Richard Mendez is to prove to the court and others that he can live a law abiding and prosperous life without having to resort to criminal conduct. We believe Richard Mendez has the capacity, potential, and possesses the needed integrity and humility to live a productive and contributing life in our society.

Dated: Brooklyn, New York
       December 31, 2008

Respectfully, submitted,

Stephen Flamhaft, Esq.
Attorney for the defendant
Flamhaft Levy Hirsch & Rendeiro LLP
16 Court Street, Suite 3301
Brooklyn, NY 11241
(718) 237-1900

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------x

UNITED STATES OF AMERICA,

          **Plaintiff**

                                                  **Docket No. 08 CR 00218 (MRK)**

-   against –

**RICHARD MENDEZ,**

          **Defendant.**

-----------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                           ss:
COUNTY OF KINGS)

      I, Eleanor Franklin, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside in Bronx, New York. On, December 31, 2008 I personally served the Sentencing Memorandum for the above captioned matter, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to each of the following persons at the last known address set forth after each name:

To:    Edward Chang, Esq.
        Assistant U.S. Attorney
        U.S. Attorney's Office
        District of Connecticut
        157 Church Street, 23rd Floor
        New Haven, CT  06510

                                                                 _Eleanor Franklin_
                                                                 ELEANOR FRANKLIN

Sworn to before me this
5th day of January, 2009.

_Notary Public_

                                Notary Public, State of New York
                                No. 02RE6012955
                                Qualified in Kings County
                                Commission Expires June 15, 2011