AO245b (USDC-CT Rev. 9/07)

UNITED STATES DISTRICT COURT
District of Connecticut

Page 1

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:08cr218 (MRK)*<br>USM NO: *18163-014* |
| RICHARD MENDEZ | |
| | *Edward Chang*<br>Assistant United States Attorney |
| | *Stephen Flamhaft*<br>Defendant's Attorney |

**THE DEFENDANT:** pleaded guilty to count(s) **One of an Information.**

Accordingly the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| Title 18 U.S.C. Section 371 | Conspiracy to Commit Copyright Infringement | April 2004 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. **The Court imposed a non-Guidelines sentence. Defendant's Guidelines calculations were as follows: Total Offense Level of 19, a Criminal History Category of I, with a recommended imprisonment range of 30-37 months.  The Court chose to impose a non-Guidelines sentence for several reasons. First, Defendant had no previous contact with the criminal justice system.  Second, it appears that Defendant began the conduct at issue when he was 16 years old and generally confined to his home because of a medical condition.  While Defendant's conduct was a serious matter, it appears that his youth, lack of maturity, and medical condition may have contributed to Defendant becoming involved in this activity.  Third, all of the other defendants sentenced for similar crimes in related cases have received probation.  As the Government stated at sentencing, Defendant was neither more nor less culpable than the other defendants.  Therefore, the Government did not object to probation, though they did not advocate it.  Having considered all of the factors set forth in 18 U.S.C. § 3553(a) and bearing in mind the need for the sentence imposed to be sufficient but not greater than necessary to achieve the purposes of a criminal sentence, the Court concluded that a three-year term of probation coupled with a significant community service requirement was appropriate for this Defendant.**

**PROBATION**

The Defendant shall be placed on probation for a total term of **3 years.**

The Mandatory and Standard Conditions of Probation as attached, are imposed. In addition, the following Special Conditions are imposed: **The Defendant shall not possess a firearm or other dangerous weapon. The Defendant shall perform 200 hours of community service over the term of probation as instructed by the United States Probation Office.**

**CRIMINAL MONETARY PENALTIES**

The Defendant must pay the total criminal monetary penalties under the schedule of payments as follows.

**Special Assessment:** $100.00 to be paid immediately.
**Fine:** No fine imposed.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

                               **February 11, 2009**
                               Date of Imposition of Sentence


                               **/s/ Mark R. Kravitz**
                               Mark R. Kravitz
                               United States District Judge
                               Date:


Judgment received by U.S. Marshal at _____ on _____.

                        Print name  _____

                        Signature  _____
                                      Deputy Marshal


**CERTIFIED AS A TRUE COPY
ON THIS DATE _____
ROBERTA D. TABORA, Clerk
BY:** _____
       ***Deputy Clerk***

# CONDITIONS OF PROBATION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

☐ (2) For a felony, the defendant shall (A) make restitution, (B) give notice to victims of the offense pursuant to 18 U.S.C. section 3555, or (c) reside or refrain from residing, in a specified place or area, unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. section 3563(b);

■ (3) The defendant shall not unlawfully possess a controlled substance;

☐ (4) For a domestic violence crime as defined in 18 U.S.C. section 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (5) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter for use of a controlled substance;

■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments;

☐ (8) If the court has imposed a fine, the defendant shall pay the fine or adhere to a court-established payment schedule;

☐ (9) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

(B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;

■ (10) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on probation, the defendant also shall comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

Upon a finding of a violation of probation, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
**Defendant**                                 **Date**


_____               _____
**U.S. Probation Officer/Designated Witness**  **Date**